41 F.3d 1520
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Luis R. MANANGAN, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 94-3515.
 United States Court of Appeals, Federal Circuit.
 Nov. 17, 1994.
 
 Before RICH, MAYER, and MICHEL, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Mr. Manangan seeks review of a final decision of the Merit Systems Protection Board (Board), Docket No. SF-0831-94-0200-I-1, dismissing his appeal of an Office of Personnel Management (OPM) decision denying his claim for an annuity under the Civil Service Retirement Act (CSRA) because the Board found that Manangan's appeal was untimely filed without good cause. We affirm.
 
 DISCUSSION
 
 2
 On January 10, 1989, OPM issued a reconsideration decision denying Mr. Manangan's request for an annuity based on his federal service. OPM informed Mr. Manangan that there was a 25 day time limit to appeal the decision to the Board. See 5 C.F.R. Sec. 1201.22 (1991). However, Mr. Manangan did not file his appeal to the Board until December 23, 1993, nearly five years after the regulatory deadline.
 
 
 3
 The administrative judge (AJ) acknowledged receipt of the appeal but informed Mr. Manangan that he had the burden to show that good cause existed for his untimeliness. See 5 C.F.R. Sec. 1201.56(a) (1991). Mr. Manangan responded by stating that he had not seen the reconsideration decision because it had been dropped behind a cabinet by his granddaughter. The envelope was not discovered until Manangan was moving to a new home in September 1993. Yet, Manangan did not file his appeal until three months after finding the reconsideration decision, on December 23, 1993. The AJ, even if accepting all allegations as true, found that good cause was not shown and that Mr. Manangan's explanation was insufficient to warrant a waiver of the Board's regulations.
 
 
 4
 The AJ's decision became final on June 15, 1994 when Mr. Manangan's petition for review was denied by the full Board after it determined that the petition did not meet the criteria for review under 5 C.F.R. Sec. 1201.115 (1991). This appeal followed.
 
 
 5
 This court's scope of review of a Board decision is limited by statute. 5 U.S.C. Sec. 7703(c). The Board's decision must be affirmed unless it is arbitrary, an abuse of discretion, not in accordance with law, obtained without procedures required by rule, law, or regulations, or unsupported by substantial evidence. See Hayes v. Department of the Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984). Finding no such error in the Board's decision, we affirm.